IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GERRITT KARAU,

                                   Plaintiff,                                   ORDER

          v.                                                                    15-cv-001-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                   Defendant.

Plaintiff Gerritt Karau seeks judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On November 17, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

Karau alleged that he was unable to work because of back pain. Although Karau's treating physician did not opine on his physical limitations, two state agency consultants concluded that Karau was capable of less than a full range of sedentary work. R. 80-81, 369.[1] The ALJ credited these opinions and incorporated their proposed restrictions into Karau's RFC. R. 16. The ALJ also gave Karau "the benefit of the doubt" regarding his complaints of pain by including additional limitations beyond those that the state agency consultants proposed. R. 17. But the ALJ stopped short of fully crediting Karau's subjective complaints because: (1) the objective medical evidence contradicted those complaints; and (2) Karau had a history of failing to comply with directives from his treatment providers.

---

[1] Record cites are to the administrative record. Dkt. 10.

The court reviews an ALJ's credibility determination deferentially, overturning that determination "only if it is patently wrong." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). But an ALJ must provide "specific reasons for the credibility finding. . . . The finding must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Id.* (internal citations omitted). Here, the ALJ's first reason for discrediting Karau—lack of objective support for his complaints—was wrong because the ALJ overlooked a critical piece of evidence. Specifically, Karau had an MRI of his lumbar spine in December 2011. Treatment notes described the MRI as showing "a large disc herniation at L2-3 [with] a free-fragment [and] severe central spinal stenosis." R. 393; *see also* R. 446 ("At the L2-3 disc space level, there is a moderate diffuse annular bulge along with a large free fragment centrally that leads to severe canal compromise."). Yet the ALJ discussed only a 2011 x-ray, which showed moderate degenerative disc disease. The ALJ's credibility determination is not adequately supported because it does not account for pertinent objective evidence.

The Commissioner contends that the ALJ's omission does not require remand because at least one of the state agency consultants reviewed the MRI and nevertheless concluded that Karau was capable of light work.[2] This argument might excuse the ALJ's simple failure to mention a particular record. But in this case, the ALJ affirmatively stated that the objective medical evidence did not support Karau's subjective complaints of pain. R. 17. In light of the MRI results, this conclusion was "patently wrong." And the ALJ's second reason for discrediting Karau's subjective complaints—non-compliance with treatment directives—was too intertwined with the overlooked MRI to independently justify the ALJ's credibility determination. Karau's

[2] Contrary to Karau's suggestion, it appears that *both* of the state agency consultants reviewed the MRI findings. Dr. Byrd's narrative conclusions refer to these findings, although she, too, appears to have glossed over the severity of the results. R. 369.

2

failure to manage his diabetes, control his weight, and quit smoking may have been an appropriate factor to consider, provided that his non-compliance was actually impeding recovery. *See Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000). But the ALJ did not discuss how Karau's providers responded to the MRI findings or whether those providers were hesitant to address Karau's significant spinal issues because of his non-compliance. The ALJ's reasoning regarding non-compliance was therefore incomplete.

After accounting for the MRI and determining the credibility of Karau's subjective complaints of pain, the ALJ must reevaluate Karau's RFC. If the medical opinions in the record do not discuss pertinent objective evidence, then the ALJ has a duty to further develop the record and seek additional medical opinions. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).

Karau also contends that the vocational expert who was present at the hearing lacked a proper foundation from which to testify to the number of jobs available to a person with Karau's RFC. Indeed, the Seventh Circuit has expressed skepticism at the methodology that VEs use to calculate the number of jobs available to a particular claimant. *See, e.g.*, *Voigt v. Colvin*, 781 F.3d 871 (7th Cir. 2015). This court shares that skepticism. In this case, the VE's testimony is questionable for another reason as well: the VE testified that Karau could work as a "surveillance monitor" despite being limited to simple work without production pressures because he would be distracted by his pain. Working as a surveillance monitor presumably requires almost constant attention. But at the hearing, the ALJ did not fully explain the limitations that he had imposed. Thus, the VE's testimony does not clearly support the conclusion that Karau could work as a surveillance system monitor.

But Karau's criticism of the VE's methodology will have to wait for appellate precedent instructing that the use of this methodology is reversible error. Karau was represented at the hearing and his representative did not challenge the numbers that the VE provided. Under

current law, the ALJ is entitled to accept a VE's unchallenged conclusions unless there are apparent conflicts between the VE's testimony and the *Dictionary of Occupational Titles*. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). A social security claimant forfeits arguments about conflicts between a VE's testimony and the DOT when the claimant is represented at the hearing and his representative fails to object. *Id.* Given the direction of recent decisions from the court of appeals, the ALJ may want to test the VE's methodology more thoroughly on remand. But the Seventh Circuit has not overruled *Overman* and its progeny. Thus, this issue is not a basis for remand.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered November 19, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge